UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

FRANK MALKO,

    Plaintiff,

    v.                                         COMPLAINT
                                              Case Number: 2:20-cv-1831

CGS PREMIER, INC.;

    Defendant.

---

    Plaintiff, Frank Malko, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Kelsey R. S. Kerr, allege in this Complaint and show to the Court as follows:

### NATURE OF THE CASE

    1.     Plaintiff alleges that Defendant, CGS Premier, Inc., violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] when it discharged him from employment because of his FMLA-protected absences. Plaintiff alleges that Defendant violated the American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], by failing to accommodate Plaintiff's disabilities and discharging him from employment because of his disabilities. Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974, ("ERISA") [29 U.S.C. §1001 *et. seq.*] by discharging him from employment because of the cost of his medical treatment and the corresponding cost to insure him, and for purposes of interfering with his welfare benefits.

### JURISDICTION AND VENUE

    2.     Jurisdiction over Plaintiff's claims under the FMLA, the ADA, and ERISA is

conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because the Defendant resides in the Eastern District of Wisconsin and the unlawful actions occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff, Frank Malko ("Malko"), is an adult who resides at 1901 South 93rd Street, West Allis, Wisconsin 53227.

7. Defendant, CGS Premier, Inc. ("CGS"), is a company incorporated under the laws of the State of Wisconsin, engaged in the manufacturing of vehicles and equipment used in marketing, with its principal place of business located at S64W15586 Commerce Center Pkwy, Muskego, WI 53150.

## OPERATIVE FACTS

8. Malko began his employment with CGS in October 2018 as a temporary employee, Project Manager.

9. Malko became a permanent employee with CGS on or about January 2, 2019, continuing employment as a Project Manager.

10. CGS employed more than 50 employees during the relevant period and was therefore subject to the FMLA, the ADA, and ERISA.

11. CGS provided Malko with welfare benefits, including health insurance, as a part

of his compensation package.

12. Malko performed his job as Project Manager to the reasonable expectations of CGS.

13. Malko was diagnosed with polypoid melanoma cancer in or around April 2019.

14. Malko is an individual with a disability due to a physical or mental impairment that substantially limits one or more major life activities; he has a record of this type of impairment; and, he is regarded as having such impairment.

15. Management of CGS was aware of Malko's disability.

16. Malko was on intermittent FMLA leave from work for his polypoid melanoma cancer.

17. On or about December 5, 2019, Malko informed Cindy Schopf in CGS's human resources department that more cancer had been found and that Malko's chemotherapy would be increased and extended.

18. The demeanor of CGS management personnel toward Malko changed after December 5, 2019.

19. Due to his cancer treatment, Malko felt physically and mentally run down and fatigued.

20. In response to Malko's fatigue, Ms. Schopf, Mr. Kieliszewski and Mr. Thomas told Malko that he needed to do more of the physical labor on his projects.

21. Malko's job as a project manager was not supposed to involve performing manual labor.

22. Malko did his best to help his crew with the heavy physical work but he was exhausted.

23. Malko did not have the same emotional, physical and mental stamina as before his cancer treatments.

24. On February 24, 2020, CGS terminated Malko because he had polypoid melanoma cancer, which required intermittent medical leave and insurance claims against CGS's welfare benefit plan.

25. CGS knew or reasonably should have known about Malko's disability and his need for accommodation.

26. CGS failed to engage in an interactive process to determine a reasonable accommodation for Malko.

27. CGS refused to reasonably accommodate Malko's disabilities.

28. CGS cannot demonstrate that the accommodation would pose a hardship on its business.

29. CGS terminated Malko because of his disability.

30. CGS was covered by the FMLA.

31. Malko was entitled to leave under the FMLA.

32. Malko provided sufficient notice of his intent to take FMLA-qualifying leave.

33. CGS took materially adverse actions against Malko by terminating his employment on February 24, 2020, because Malko exercised his rights protected under the FMLA.

34. Malko made substantial claims against his health insurance policy, as an ERISA welfare benefit, for his medical conditions in 2018 and 2019.

35. CGS became aware of Malko's health insurance claims to an ERISA welfare benefit.

36. Malko's health insurance claims to an ERISA welfare benefit in 2018 could have caused an increase in CGS's health insurance premiums.

37. CGS was motivated to terminate Malko due to his large health insurance claims to an ERISA welfare benefit, because the claims could cause an increase in the premiums CGS paid for its employees' ongoing health insurance coverage, and also because CGS wanted to avoid ongoing claims by Malko against the health insurance plan as an ERISA welfare benefit.

38. CGS terminated Malko, in part, in order to interfere with his ERISA welfare benefits.

**FIRST CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

39. As and for a first claim for relief, Malko re-asserts the allegations recited in paragraphs 1-24, 30-33 above and fully incorporates those paragraphs herein by reference.

40. CGS violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of terminating the Plaintiff because of his activities protected by the FMLA.

41. The allegations more particularly described above regarding the intentional discriminatory practices of CGS, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

42. The allegations more particularly described above caused Malko wage loss, benefits loss, and expenses, all to his damage.

**SECOND CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE § 2615(A)(1)**

43. As and for a second claim for relief, Malko re-asserts the allegations recited in

paragraphs 1-24, 30-33 above and fully incorporates those paragraphs herein by reference.

44. CGS deprived Malko of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, CGS was covered by the FMLA, Malko was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA-qualifying leave, and CGS denied him FMLA benefits to which he was entitled.

45. The allegations more particularly described above regarding the intentional discriminatory practices of CGS, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

46. The allegations more particularly described above caused Malko wage loss, benefits loss, and expenses, all to his damage.

### THIRD CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE

47. As for the third claim for relief, Malko re-asserts the allegations recited above in paragraphs 1-29 and fully incorporates those paragraphs herein by reference.

48. The allegations more particularly described above constituted violations of American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], when CGS failed to accommodate Malko, causing him to suffer wage loss, benefits loss, and expenses, all to his damage.

### FOURTH CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### DISCRIMINATORY DISCHARGE

49. As and for a fourth claim for relief, Malko re-asserts the allegations recited above

in paragraphs 1-29 and fully incorporates those paragraphs herein by reference.

50. The allegations more particularly described above constituted violations of the American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when CGS discharged Malko because of his disabilities, causing him to suffer wage loss, benefits loss, and expenses, all to his damage.

### FIFTH CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### RETALIATORY DISCHARGE

51. As and for a fifth claim for relief, Malko re-asserts the allegations recited above in paragraphs 1-29 and fully incorporates those paragraphs herein by reference.

52. The allegations more particularly described above constituted violations of American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when CGS retaliated against Malko because of his opposition to disability discrimination, causing him to suffer wage loss, benefits loss, and expenses, all to his damage.

### SIXTH CLAIM FOR RELIEF
### ERISA § 510

53. As and for a sixth claim for relief, Plaintiff re-asserts the allegations recited above in paragraphs 1-13, 17, 18, 34-38, and fully incorporates those paragraphs herein by reference.

54. The allegations more particularly described above constituted violations of ERISA §510, [29 U.S.C. § 1140; 29 U.S.C. §1132(a)(1)(B)] when CGS discharged Malko's employment for exercising rights to which he was entitled under the provisions of the CGS health insurance plan and with the specific intent of interfering with Malko's exercise of his rights under the health insurance plan and ERISA, causing him to suffer expenses, a loss of

income, and denial of plan benefits.

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the ADA, FMLA and/or ERISA violations;

B. judgment against the above-named Defendant awarding Plaintiff compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

C. judgment against the above-named Defendant awarding Plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the Defendant from engaging in such unlawful conduct now and in the future;

D. judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

E. judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

F. judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

G. such other relief as the Court deems just and equitable.

Dated this 11th day of December, 2020.

        <u>s/ Alan C. Olson</u>
        Alan C. Olson, SBN: 1008953
        Kelsey R. S. Kerr, SBN: 1113700
        Attorneys for Plaintiff
        Alan C. Olson & Associates, S.C.
        2880 S. Moorland Rd.
        New Berlin, WI 53151
        Telephone: (262) 785-9606
        Fax: (262) 785-1324
        Email: AOlson@Employee-Advocates.com
        Email: KKerr@Employee-Advocates.com